RECEIVED
IN LAKE CHARLES, LA
MAY - 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08CR00111-003 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CARLOS F. GUTIERREZ | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct His Sentence. (Rec. Doc. 207). The Government filed an Answer (Rec. Doc. 210) and the defendant filed a Reply (Rec. Doc. 213).

The Government asserts that this motion should be dismissed as untimely. In his Reply, the defendant argues that he is entitled to equitable tolling which would make his motion timely.

Gutierrez does not dispute that he filed his § 2255 motion outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104–132, 110 Stat. 1214 (1996). However, he argues that he is entitled to equitable tolling because he had repeatedly requested counsel as he does not speak English. He asserts that he could not find anyone to help him file his motion until January, 2012.

A prisoner whose conviction is final but believes that his sentence was imposed in violation of the Constitution or federal law may seek relief from his conviction and sentence by filing a motion under 28 U.S.C. § 2255 with the court that imposed his sentence. 28 U.S.C. § 2255(a). He must file such a motion within one year of the latest of four triggering dates, including the date on which the

judgment of conviction becomes final. *Id.* § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. *Murphy*, 634 F.3d at 1307. In this case, Gutierrez's motion should have been filed by the end of December, 2011. It was not filed until February 14, 2012.

If a defendant attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. *San Martin v. McNeill*, 633 F.3d 1257, 1267 (11th Cir.), *cert. denied,* — U.S. —, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida*, 560 U.S. —, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotations and citations omitted). The defendant bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 2255 motion such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. *San Martin*, 633 F.3d at 1267–68. Equitable tolling is a rare and extraordinary remedy. *Id.* at 1271; *Doe v. United States*, L 1138779, 1 -2 ( 11th Cir. 2012).

As an initial matter, we liberally construe Gutierrez's *pro se* brief that equitable tolling renders his motion timely because he contends that he does not speak English and that he sought counsel to represent him. He argues that he exercised "due diligence and reasonable diligence" in filing his §2255 motion and he found someone to assist him in January, 2012.

The Fifth Circuit has not yet addressed whether a language deficiency may constitute an extraordinary circumstance for the purposes of equitable tolling. Both the Second and Ninth Circuit Courts of Appeals have determined that equitable tolling might be warranted when a non-English

2

speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials, translation, or legal assistance in his language. *Pabon v. Mahanoy,* 654 F.3d 385, 401-403 (3rd Cir. 2011).

In *Mendoza v. Carey,* 449 F.3d 1065 (9th Cir. 2006), the petitioner asserted that he did not speak English and that "the prison law library possessed no Spanish books, no Spanish–English legal dictionaries, and no postings about the AEDPA time limitations in any language." 449 F.3d at 1067. The Ninth Circuit held that the "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances." *Id.* at 1069. Mendoza's case was remanded for an evidentiary hearing on his equitable tolling claim in light of that holding. *Id.* at 1071. In *Mendoza,* the petitioner eventually "found a newly-arrived, bilingual inmate willing to offer assistance" for a fee, and was able to file a *habeas* petition (though only after the AEDPA deadline had passed). *Id.* at 1069.

In *Diaz v. Kelly,* 515 F.3d 149 (2nd Cir. 2008), the Second Circuit adopted a similar approach to that used in *Mendoza.* 515 F.3d at 154 (holding that "English language deficiency can warrant tolling of the AEDPA limitations period"). The petitioners in *Diaz*—Angel Diaz and Yoke Yew Tan—had asserted, respectively, being " 'primarily a Spanish speaker' " and having "a lack of 'a working knowledge' of English and 'difficult[y]' in finding interpreters in the Department of Correctional Services." *Id.* at 151–52 (alterations in original). The *Diaz* Court noted that "the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners," as the State had argued), " *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period." *Id.* at 154 (emphases added). "For the

3

prisoner who cannot read English, the obstacle is undoubtedly serious ... and can, in some circumstances, justify equitable tolling." *Id.* In that case, however, the petitioners failed on the reasonable diligence prong. Neither had made efforts "to learn of [AEDPA's] requirements within their places of confinement." *Id.*

The Third Circuit in *Pabony, supra*, followed the courts' reasoning in *Mendoza* and *Diaz* and held that the inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling. In addition, as the *Diaz* Court did, the Third Circuit noted that the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline.

In light of these holdings, an evidentiary hearing is necessary to determine the merits of the defendant's claim. Gutierrez has explained why his inability to read, speak, or write English caused his inability to timely file his *habeas* petition. He asserted quite clearly that his language inability, coupled with denials of appointed counsel[1] created a barrier to timely filing.

There is evidence in the record that Gutierrez may have faced an extraordinary circumstance: he has consistently claimed to be a non-English speaker, required a translator in his interactions with the court system, and was repeatedly denied legal counsel to assist in preparing the §2255 motion.

Even if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." *Miller v. New Jersey State Dept. of Corrections* 145 F.3d 616, 618-619 (3rd Cir, 1998) (internal quotation marks omitted). The Supreme Court

---

[1] There is no constitutional right to counsel in post-conviction proceedings. 28 U.S.C.A. § 2255; *United States v. Gaytan-Ortiz*, 308 Fed.App'x. 798, 2009 WL 190644 ( 5th Cir. 2009).

addressed reasonable diligence in *Holland v. Florida*, 130 S.Ct. 2549 (U.S., 2010) explaining that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.' " 130 S.Ct. at 2565 (internal citations omitted).

Because language inability, when coupled with lack of translation assistance, may constitute an extraordinary circumstance, and because Gutierrez may have been reasonably diligent in pursuing his claims, an evidentiary hearing on the extraordinary circumstances prong of Gutierrez's equitable tolling claim is warranted. The defendant will be appointed counsel and an interpreter to represent him for this hearing only. The Government will have an opportunity to submit evidence and argument in response.

Lake Charles, Louisiana, this 3 day of April, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE